7764/jlb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:14-cv-80423-KAM

TERESA KLASCHUS,

      Plaintiff,

vs..

HOME DEPOT USA, INC.

      Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL

The Plaintiff, Teresa Klaschus ("Plaintiff"), by and through the undersigned counsel,

hereby files this Motion to Compel Better Answers to Plaintiff's Second Interrogatories, and

as grounds, states as follows:

    1.      This is a premises liability action in which Plaintiff alleges that the negligence

of Defendant, Home Depot USA Inc. ("Defendant"), resulted in bodily injury to the Plaintiff

on April 14, 2013.

    2.      Plaintiff contends that the afore-mentioned injury was the result of Defendant's

negligence in leaving an unmanned forklift in an aisle open to customers, causing Plaintiff

to trip and fall over one of the forks on the forklift.

    3.      Plaintiff served Defendant with interrogatories relating to similar incidents

from Defendant's stores in the State of Florida in the five years preceding the subject

Motion to Compel Better Answer to Second Interrogatories
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 2

accident. (*See* Plaintiff's Second Set of Interrogatories, attached as **Exhibit "A")**

    4.      Defendant objected to these interrogatories on the grounds that they were "vague, overly broad, and seek[ing] information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." Defendant additionally objected on the grounds that they "seek confidential and proprietary information." (*See* Defendant's Responses to Plaintiff's Second Set of Interrogatories, attached as **Exhibit "B"**).

    5.      The evidence of similar accidents may be relevant to Defendant's notice of the dangerous condition, the magnitude of the danger involved, the ability to correct the dangerous condition, as well as to show the standard of care and causation. Thus, the information sought is discoverable.

## MEMORANDUM OF LAW

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Under Rule 26(b), a party is permitted to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party..." Fed. R. Civ. P. 26(b). "The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes," and thus "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the accident." *Adeleman v. Boy Scouts of America*, 2011 WL 1930427 at *3 (S.D. Fla. 2011)

Motion to Compel Better Answer to Second Interrogatories
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 3

(internal citations omitted).    Additionally, "information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 685 (S.D.Fla.2010).

The party resisting discovery has the burden to specifically demonstrate how the request is irrelevant or unreasonable. *Id.* (internal citations omitted). It must be established that the discovery requested "has no possible bearing on the claims and defenses" in this case. *Id.*

Evidence of prior incidents is generally discoverable. *See Weeks v. Remington Arms Co., Inc.*, 733 F.2d 1485 (11th Cir. 1984) ("[T]he relevancy of similar accident evidence has been firmly established in this Circuit."); *Adelman*, 2011 WL 1930427 at *3 (S.D. Fla. 2011) (As similar accident evidence is relevant, the documents at issue were discoverable even though possibly inadmissable at trial); *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980) (Evidence of similar accidents is discoverable as it might be relevant to the defendant's notice, magnitude of danger involved, the defendant's ability to correct, safety issues, the standard of care, and causation).

In *Jaquillard v. Home Depot*, 2012 WL 527418 at *1-2 (S.D.Ga. 2012), the district court held that a slip and fall patron who was injured by falling on a wet floor could introduce evidence of prior similar incidents which, like the plaintiff's incident, involved

Motion to Compel Better Answer to Second Interrogatories
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 4

plant watering.  In the instant case, Plaintiff is seeking to discover evidence of prior incidents

which, like Plaintiff's incident, involved an unattended forklift.  While in *Jaquillard*, the

issue was whether prior similar incidents could be introduced into evidence, the relevancy

standard is even broader for discovery purposes.  As such, like in *Jacquillard*, this evidence

of prior similar incidents is both relevant and discoverable.

Additionally, Defendant's objections should be overruled as Defendant's objections

are disfavored "boilerplate" objections.  *See* Southern District Local Rule 26.1(g)(3)(A)

(stating that an objection shall state with specificity all grounds). In *Turner v. GEICO Indem.*

*Co.*, 2011 WL 11769047 at *2 (S.D. Fla. 2011), this Court summarily overruled objections

because the objecting party did not "identify what portion of the requests it contends are

overly broad or describe the burden involved in responding to this discovery." *See also,*

*Henderson,* 269 F.R.D. at 686 ("to even merit consideration, an objection must show

specifically how a discovery request is overly broad, burdensome or oppresive, by submitting

evidence or offering evidence which reveals the nature of the burden.") (internal citations

omitted).

WHEREFORE, Plaintiff requests that this Court enter an Order Compelling

Defendant to answer Plaintiff's Second Set of Interrogatories within ten (10) days.

### Certification Pursuant to Local Rule 7.1(a)(3)

Counsel for the Plaintiff has made reasonable efforts to confer with counsel for the

Motion to Compel Better Answer to Second Interrogatories
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 5


Defendants in a good faith effort to resolve the issues raised in the instant motion.  Counsel

for the Defendants has indicated that he has objects to the relief sought.

By____ **s/Brett M. Waronicki**_____

Brett M. Waronicki, Esquire
Florida Bar No. 817511
bwaronicki@wmrfla.com
WIEDERHOLD, MOSES, KUMMERLEN
& WARONICKI, P.A.
Attorneys for Plaintiff
560 Village Blvd., Suite 240
West Palm Beach, Florida 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile

Motion to Compel Better Answer to Second Interrogatories
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 6


I HEREBY CERTIFY that on this 29th day of August, 2014 I electronically filed the foregoing with the Clerk of the Southern District Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic filings.

By___**s/Brett M. Waronicki**_____

Brett M. Waronicki, Esquire
Florida Bar No. 817511
bwaronicki@wmrfla.com
WIEDERHOLD, MOSES, KUMMERLEN
& WARONICKI, P.A.
Attorneys for Plaintiff
560 Village Blvd., Suite 240
West Palm Beach, Florida 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile