UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80423-CIV-MARRA/MATTHEWMAN

TERESA KLASCHUS,

    Plaintiff,

vs.

HOME DEPOT USA, INC.,

    Defendant.
_____/

FILED by VM D.C.
OCT 02 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL [DE 10].

**THIS CAUSE** is before the Court upon Plaintiff, Teresa Klaschus's Motion to Compel [DE 10]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra [DE 5]. Defendant, Home Depot, USA, Inc., filed a Response in opposition [DE 11], to which Plaintiff replied [DE 12]. The undersigned held a hearing on this matter on September 23, 2014, and it is now ripe for review.

### *Background*

This is a premises liability case. According to the Complaint, Plaintiff tripped and fell over an unmanned forklift in an aisle at Home Depot, causing her to sustain injuries. [DE 1-1]. On July 25, 2014, Plaintiff served her Second Interrogatories to Defendant [DE 10-1]. These interrogatories sought the following information:

1. In the 5 years preceding the subject accident, please state whether a customer claimed injury or reported a trip or fall in any Florida Home Depot store due to an unmanned forklift in an aisle.

2. If the answer to the preceding question in "Yes," please state the following:

1

      (a) How many customers claimed injury or reported a trip or fall;
      (b) The name and last known address of each customer who claimed injury or reported a trip or fall;
      (c) The date[,] location, and Home Depot store number of each incident;
      (d) Which incidents resulted in a lawsuit against Home Depot.

[DE 10-1].

Defendant lodged several objections to Plaintiff's discovery requests, its primary argument being that the requests were overbroad, irrelevant, and violate the privacy rights of other individuals. However, with respect to Plaintiff's requests, Defendant provided the number of incidents within the past *three* years (as opposed to the previous five years requested by Plaintiff), which occurred within the same regional district (as opposed to the entire state of Florida, as requested by Plaintiff) [DE 11, p. 2]. In its Response to Plaintiff's Motion, Defendant argues that Plaintiff's discovery requests should be denied because they "could encompass any incident involving an unattended forklift in any aisle, parked in any manner, regardless of whether the customer tripped on the forks or some other part of the forklift (and regardless of whether the forks were flush on the ground) in any Florida Home Depot store, which resulted in any type of injury (regardless of significance) for a five (5) year period." [DE 11, p. 4].

### *Analysis*

"It is well established that the Federal Rules of Civil Procedure 'strongly favor full discovery whenever possible.'" *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (quoting *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "Rule 26(b) therefore permits a party to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of any party.'" *Id.* (quoting Fed. R. Civ. P. 26(b)). "The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes." *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0393, 2001 WL 34079319, at *2

(S.D. Fla. Nov. 1, 2001). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." *Id.*

During the September 23, 2014 hearing, with respect to Interrogatory 1, Defendant agreed to provide information as to whether a customer claimed injury or reported a trip or fall in any Florida Home Depot store due to an unmanned forklift in an aisle—Defendant agreed to no longer limit its answer just to one district within the state. Thus, the only matter remaining at issue is how far back in time Defendant must search its records and report the instances where a customer claimed injury or reported a trip or fall in any Florida Home Depot store due to an unmanned forklift in an aisle. Plaintiff maintains that Defendant should have to report all such incidents which occurred in the past five years prior to Plaintiff's alleged injuries. Defendant, on the other hand, argues that only such incidents occurring within the past three years are relevant. In keeping with the spirit of broad discovery which exists in this Circuit, the Court finds that five years is not an unreasonable or overly-burdensome scope of time. In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel [DE 10] is **GRANTED**. Within fourteen (14) days of the date of this Order, Defendant shall provide full and complete answers to Plaintiff's Second Interrogatories, and, as Plaintiff's Second Interrogatories request, Defendant shall provide Plaintiff with all instances where a customer claimed injury or reported a trip or fall in any Florida Home Depot store due to an unmanned forklift in an aisle within the past **five** years preceding the date of Plaintiff's alleged injuries.

With respect to Interrogatory 2(b), in order to protect the privacy interests of the customers who claimed injury or reported a trip or fall in any Florida Home Depot store due to an unmanned

forklift in an aisle within the past five years, the Court orders that this information shall be subject to a protective order and that such materials shall be maintained as confidential and only for use in this proceeding.   The documents and information shall not be disclosed to any non-parties to this litigation without express court permission, with the exception that Plaintiff and Defendant may disclose said documents or information to their retained experts, paralegals, and investigators who shall likewise be subject to this confidentiality order.   If either party wishes to have the court enter a more detailed protective order, it shall attempt to agree on the terms of the protective order with the other parties in this case and then present an agreed protective order to this Court, or absent agreement, file a motion for entry of a protective order together with a proposed protective order.

**DONE AND ORDERED** in Chambers this 2nd day of October, 2014, at West Palm Beach, in the Southern District of Florida.

William Matthewman
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE