7764/jlb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:14-cv-80423-KAM

TERESA KLASCHUS,

    Plaintiff,

vs.

HOME DEPOT USA, INC.

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

The Plaintiff, Teresa Klaschus ("Plaintiff"), by and through her undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rules 7.1 and 56.1, files her Response in Opposition to Defendant Home Depot U.S.A. Inc.'s ("Defendant" or "Home Depot") Motion for Final Summary Judgment [DE 18], and states as follows:

### Responses to Home Depot's Statement of Material Facts Pursuant to L.R. 56.1

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 2

7. Admitted that Plaintiff saw the forklift. However, Plaintiff approached from behind the forklift and testified that she did not see the prongs or the forks flush against the floor in front of the forklift.

> Q. Before this incident occurred, did you see the prongs or the forks on this particular forklift?
>
> A. No, I did not.

[DE 18-2, p. 45, lines 11-13].

8. Admitted that Plaintiff testified that she saw forks in the front of forklifts on prior visits to Home Depot.

9. Admitted that Plaintiff "believes" that the photographs accurately depict how the aisle looked at the time she walked down the aisle.

10. Admitted.

11. Admitted that Plaintiff "guessed" that there was "maybe" four feet between the shelving and the forklift.

### Plaintiff's Additional Material Facts Pursuant to L.R. 56.1

1. Home Depot has a policy of allowing unmanned forklifts parked in an aisle as long as the forks are flush against the floor. *See* Home Depot's Answers to Plaintiff's First Set of Interrogatories, #17, attached as **Exhibit "A."**

2. According to Edwin Anderson, the Home Depot Manager on Duty at the time

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 3

of the incident in the Complaint, aisles are supposed to be clear and Home Depot does not want customers tripping over anything. *See* Deposition of Edwin Anderson, p. 7, lines 24 - p. 8, line 4, attached as **Exhibit "B."** In Mr. Anderson's experience, customers are not always paying attention to where they are walking, but instead are looking up at Home Depot's merchandise on the shelves. *Id.* at p. 8, lines 13-16. According to Sherry Crowley, an employee in Outside Garden at Home Depot at the time of the incident, it has been her experience that customers may have their attention drawn to items on the shelves and not necessarily where they are walking. *See* Deposition of Sherry Crowley, p. 11, line 23 - p.12, line 3, attached as **Exhibit "C."** Some of these items that Home Depot wants its customers to purchase are located above customers' heads. *See* Exh. "C," p. 12, lines 5-8. Even though aisles are supposed to be clear, Mr. Anderson testified that a customer can still trip over the forks even if the forks are on the floor. *See* Exh. "B," p. 10, lines 23-25.

3. Indeed, in the three years preceding Plaintiff's accident in Florida alone, there were 11 instances in which a Home Depot customer tripped against the forks of an unmanned forklift in an aisle. These instances were provided in Home Depot's Answers to Plaintiff's Second Set of Interrogatories. Home Depot summarized these instances in its Answers to Interrogatories as follows:

| Date: | Description: |
|---|---|
| 10/7/12 | Customer was getting siding and as he was pulling it out of the |

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 4

|  |  |
|---|---|
|  | bay, he stepped backwards and tripped over feet of parked reach truck onto his elbow. |
| 9/23/12 | Customer was shopping on the last aisle of garden and walked around forklift and stubbed right toe on forklift fork. |
| 7/12/12 | Customer was walking in the garden center looking up, she tripped over the forklift forks causing her to fall hitting her right hand on to the ground and cause pain in her small and four finger. Customer received scrapes to left knee. |
| 5/9/12 | Customer was helping an associate load mulch onto her flat cart then backed up and tripped over the forks on the empty forklift that just pulled up behind her. Customer fell over one fork falling in between both forks landing on her coccyx. |
| 2/9/12 | Customer was walking in Outside Garden second aisle and tripped over forklift forks. Upon exiting she told the lot associate what happened but said she was okay and did not want to report the incident. |
| 9/5/11 | Customer stipulates that she was walking in Outside Garden looking at the Behr color chart and did not notice the forks on the floor. She tripped and fell hitting her forehead as well as her left knee. |
| 7/6/11 | Forklift was parked on the front apron of the garden department and a customer tripped on the forks. They were not extended and in a parked position. |
| 3/26/11 | Customer tripped over forklift. Right knee scrape and right ankle scrape. |
| 3/25/11 | Customer was shopping for fertilizer in an aisle, when he turned around while holding the shopping cart he said he tripped over the forks on the forklift that was parked. The forks were down, and the machine was not on. |

| | |
|---|---|
| 11/26/10 | Customer walked by forklift and scratched his toe with forks. |
| 9/2/10 | Customer was shopping out by garden and in the aisle closest to the building she tripped over the forks on a forklift and she fell on her left knee and her right elbow and cut her right hand. |

*See* Home Depot's Notice of Serving Second Supplemental Responses to Plaintiff's Second Set of Interrogatories, attached as **Exhibit "D."**

4. Home Depot produced the incident reports for every incident listed above except for the incidents occurring on 11/26/10 and 9/2/10. These incident reports are attached as **Exhibit "E."**

5. As shown from the incidents above and the accompanying incident reports *in Florida alone*, Home Depot was on notice that its policy of leaving unmanned forklifts in aisles with its forks flush against the ground in open aisles presented a trip hazard customers.

6. On the date of the accident, Plaintiff was walking with her husband to the Outside Garden Department at Home Depot to purchase a garbage can to hold dog food. [DE 18-2, p. 40, lines 10-25].

7. They looked at the cans that were on the top shelf. Plaintiff backed up to look at the price and she tripped over the forks of the subject forklift. The forks were flush against the floor. Plaintiff fell sideways onto the floor. *Id.* at p. 42, line 4 - p. 43, line 2. Plaintiff did not see the forks on the floor. *Id.* at p. 45, lines 11-13.

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 6

## MEMORANDUM OF LAW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

### I.   Two Independent Duties Owed to Plaintiff

It is undisputed that Plaintiff was an invitee at Home Depot. In Florida, the property owner owes two independent duties to an invitee: (1) to keep its premises in a reasonably safe condition and (2) to warn of concealed perils. *Burton v. MDC PGA Plaza Corp.*, 78 So.3d 732 (Fla. 4th DCA 2012). Home Depot fails to point out in its Motion for Summary Judgment that these two duties are *separate and distinct* and a landowner's compliance with the duty to warn (or the open and obvious nature of the danger) does not necessarily mean that the landowner has satisfied the duty to maintain the premises in a reasonably safe condition.[1] *Rocomonde v. Marshalls of Ma, Inc.*, 56 So.3d 863, 864 (Fla. 3d DCA 2011).

---

[1] Home Depot cites to *DiMarco v. Colee Court, Inc.*, 976 So.2d 650 (Fla. 4th DCA 2008) when it put forth the two duties that a premises owner owes an invitee. The Fourth District in *DiMarco* reversed the summary judgment in favor of the defendant stating that "finding that the condition was open and obvious does not discharge Colee's duty to maintain the property in a reasonably safe condition." *Id* at 651-52.

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 7

In *Rocomonde*, a patron injured herself in a Marshalls clothing store when she tripped over the lower portion of a clothing rack which protruded further than the upper portion. The trial court found that the patron did not look at the base of the rack prior to her fall, but nothing prevented her from doing so. In addition, the trial court found that the plaintiff had observed the rack and nothing prevented her from walking around the other side. Lastly, the trial court found that the patron had visited Marshalls once a week for the preceding year and had previously seen the racks. *Id.* The Third District Court of Appeal reversed the trial court's grant of summary judgment in favor of Marshalls. In doing so, the appellate court stated that the trial court, like Home Depot in the instant case, never addressed Marshalls' duty to maintain the premises in a reasonably safe condition. The Third District noted that it must be "the dangerous condition of an object which must be open and obvious, not simply the object itself." *Id.* at 865.

In *Burton*, the Fourth District Court of Appeal reversed a summary judgment in favor of a CVS drug store when the plaintiff even conceded that she was aware of the pothole that she tripped over and that the pothole was open and obvious. In that case, the plaintiff was unloading trucks on the back parking lot of CVS. About ten to fifteen feet from the store's back door, she noticed a pothole approximately one foot wide and two inches deep. She told co-workers and CVS management of the pothole and urged everyone to use caution. One week later, the plaintiff became seriously injured when she tripped over the pothole and fell

to the ground. The plaintiff alleged that CVS breached its duty of reasonable care in the maintenance of the premises when it allowed a pothole to form and failed to warn the plaintiff of a dangerous condition. The trial court agreed with CVS' argument that the pothole "was so glaringly open and obvious" that it could not be considered a dangerous condition and thus, CVS had no duty to warn the plaintiff of it. *Burton*, 78 So.3d at 733. In reversing the summary judgment in favor of CVS, the Fourth District reiterated Florida's precedent that the landowner's duty to warn is separate and distinct from the duty to maintain the premises in a reasonably safe condition. The court stated that "[a] plaintiff's awareness of a dangerous condition does not negate a defendant's potential liability for negligence in allowing the dangerous condition to exist; it may be relevant, however, to a determination of comparative negligence." *Id.* at 734 *citing Mashi v. Lasalle Partners Management, Ltd.*, 842 So.2d 1035, 1039 (Fla. 4th DCA 2003). The Fourth District stated that a pothole's obvious nature does not make it, as a matter of law, a reasonably safe condition. A pothole forms when a landowner fails to maintain the property and the plaintiff's knowledge of the pothole merely raised an issue of fact as to her own comparative negligence. *Id.* at 735.

In *Tallent v. Pilot Travel Centers, LLC*, 137 So.3d 616 (2d DCA 2014), the Second District Court of Appeal recently reversed a trial court's grant of summary judgment based on open and obvious condition as there were triable issues as to whether the defendant breached its duty to maintain its premises in a reasonably safe condition. In *Tallent*, the

plaintiff slipped and fell on a diesel fuel spill at a Pilot service station. Plaintiff alleged that Pilot's negligent maintenance of the station caused him to fall. Pilot argued that the spill was open and obvious. *Id* at 617. Plaintiff noticed the spill and the Second District acknowledged that Pilot had no duty to warn. *Id.* at 618. However, the Second District held that the discharge of the duty to warn does not necessarily discharge the duty to keep the premises reasonably safe. As there was an issue of material fact as to whether Pilot maintained its premises in a reasonably safe condition, summary judgment in its favor was reversed. *Id*.

## II. Whether it is Reasonably Safe to Allow an Admitted Trip Hazard in an Aisle Where Customers Walk as a Matter of Policy is a Jury Question.

It is undisputed in this case that Home Depot has a policy where its forklifts are to be parked in an aisle with its forks flush against the ground. It is also undisputed that the acting store manager has recognized this as a trip hazard. In fact, in the last three years in Florida alone, customers have tripped over the forks of a forklift. Further, it is not uncommon for Home Depot patrons to look up at merchandise on shelves which Home Depot has placed over their heads and that Home Depot wishes for its customers to purchase these items. Whether it is reasonably safe to place an admitted trip hazard in an aisle where customers are distractedly looking at items to buy is a jury question and this Court should deny Home Depot's Motion for Summary Judgment.

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 10

### III. Home Depot's Cited Authorities are Distinguishable.

The cases cited by Home Depot in support of its Motion for Summary Judgment are distinguishable from the instant set of facts. Again, none of Home Depot's authorities focus on the duty to maintain the premises in a reasonably safe condition.

In *Taylor v. Universal City Property Management*, 779 So.2d 621 (Fla. 5th DCA 2001), the plaintiff stepped on the edge of a row of tree planters running the length of a thoroughfare for guests to move through Universal Studios. The plaintiff acknowledged that she saw both the tree and the planter before her fall and that she was not looking where she was going at the time she fell. The Fifth District described the planter as *six-feet* in diameter and the planting all around was a glaringly open and obvious obstacle. Further, the court noted that the plaintiff should have known that she was walking into a planter containing shrubbery and "that anyone who walks into a planter containing a Washington palm, greenery and/or flowers and dirt is held to know that this is a hazard to walking." *Id.* at 622. In the instant case, the forks of the forklift are flush against the ground and Plaintiff was distracted by merchandise that Home Depot wanted her to buy. She was walking in an aisle meant for customers to traverse, not in an area that is a hazard for walking like in *Taylor*.

In *City of Melbourne v. Dunn*, 841 So.2d 504 (Fla. 5th DCA 2003), the plaintiff walked over a raised planter instead of the designed path around it. The "21x7x1 foot planter was a 'glaringly open and obvious obstacle' for anyone walking out of the park and Dunn

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 11

'knew, or should have known' that she mounted and walked on a foot-high planter built of timbers and filled with mulch and plantings." Further, the court noted that the planter was not designed for walking. *Id.* at 504-05. In the instant case, forks of the forklift are not a glaringly open and obvious obstacle, especially when this dangerous condition is located in an aisle reasonably expected by customers to be free and clear of trip hazards.

In *Milby v. Pace Pontiac, Inc.*, 176 So.2d 554 (Fla. 2d DCA 1965), the Second District held that unless the question of whether a dangerous condition is hidden or obvious can be answered as a matter of law, then it should be decided by a jury. *Id.* at 557. In the instant case, whether forks of a forklift flushed against the ground in an aisle reasonably expected by customers to be free and clear of trip hazards is a latent or patent defect is a jury question.

In *Aventura Mall Venture v. Olson*, 561 So.2d 319 (Fla. 3d DCA 1990), the plaintiff fell off a sidewalk curb which was similar in color to the driveway below. The Third District found that it was common knowledge that "the sidewalks and the drop-off[s] from such sidewalks to the streets have the same color as the streets in thousands of instances throughout Florida." *Id.* at 320. The Third District found that the condition was permanent, in place, and obvious. *Id.* at 321. In the instant case, the forklift was not permanent and it is not common knowledge that forklift forks would be placed on the ground of a retailer's aisle.

In *Winn-Dixie Montgomery, Inc. v. Petterson*, 291 So.2d 666 (Fla. 1st DCA 1974), plaintiff noticed waxy white paper on the sidewalk to Winn-Dixie. She went in the store and shopped for about two hours. When she left the store, she slipped on the wax paper and fell. The First District found that there was no evidence that the paper came upon the sidewalk as a result of any negligence of any employee of Winn-Dixie or that any employee of Winn-Dixie saw the paper before the accident occurred. Further, the court found that the plaintiff was not distracted in any way and was merely inattentive. *Id.* 667-68. In the instant case, it is undisputed that Home Depot placed the forklift in the aisle. In fact, it is its policy to do so. Thus, notice is not at issue. Further, Plaintiff was distracted by the merchandise that Home Depot wanted her to buy and did not fall as a result of inattentiveness.

In *Sari v. Aetna Casualty and Surety Company*, 452 So.2d 64 (Fla. 3d DCA 1984), plaintiff fell down a step-down between an apartment hallway and the adjacent bedroom. *Id.* at 65. The court held that a step down was open and obvious. Again, the facts of this case differ greatly from the instant case. Forklift forks placed flush with the ground in an aisle reasonably expected to be free and clear of trip hazards are neither open nor obvious.

In *Miranda v. Home Depot*, 604 So.2d 1237 (Fla. 3d DCA 1992), the plaintiff reached through a ladder and withdrew herself in such a manner as to cause her to hit the cross bar as she moments earlier maneuvered through. The Third District found that it was neither probable nor foreseeable that someone would injure themselves in this matter. *Id.* at 1239.

As such, the Third District found that Home Depot did not breach its duty of reasonable care. In the instant case, there have been 11 instances in the last three years in Florida alone of patrons tripping over the forks of the forklifts. Further, the manager on duty for Home Depot testified that the forks present a trip hazard and both Home Depot employees testified that items are located on overhead shelves distracting customers' attention from where they are walking. As such, it is both probable and foreseeable that someone would injure themselves in this manner.

Lastly, in *Romano v. Palm Beach County*, 715 So.2d 315 (Fla. 4th DCA 1998), a majority of the Fourth District found that a chain-link fence located in a county park was an open and obvious condition. This case, which pre-dated *Burton*, did not address the question as to whether the county kept its premises in a reasonably safe condition. The Fourth District found that nothing in the affidavits presented created a genuine factual issue with respect to whether the fence was a concealed danger or an open and obvious condition. The Fourth District found this fence to be a plainly visible condition. *Id.* at 316. In the instant case, Plaintiff did not see the forks as she looked up at Home Depot's merchandise. Whether this was a concealed danger or an open and obvious condition is a jury question.

### IV. Whether the Forks Laying Flush Against the Floor is Open and Obvious is a Jury Question.

Though the open and obvious nature of the instrumentality is independent from the

duty to keep the premises in a reasonably safe condition, the latency of the forks laying flush against the floor is a question to be determined by the jury.

Home Depot focuses this Court's attention on the open and obviousness of the forklift, not of the forks extending flush against the ground. As recognized by the Third District, it is "the dangerous condition of an object which must be open and obvious, not simply the object itself." *Rocomonde*, 56 So.3d at 865. Plaintiff testified that she did not see the forks in front of the forklift as she approached the forklift from behind. As she was walking past the forklift, she looked up at the items on the shelves opposite the forklift. She stepped back to look at the price and tripped over the forks extending flush against the ground. It is a jury question as to whether these forks, which lay flush against the ground, were open and obvious.

## V. Conclusion

Accordingly, for the reasons set forth above, Home Depot's Motion for Summary Judgment should be denied.

Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment
Klaschus v Home Depot USA, Inc.
Case No. 9:14-CV-80423-KAM
Page 15

> By: s/Brett M. Waronicki
> Brett M. Waronicki, Esquire
> Florida Bar No. 817511
> bwaronicki@wmrfla.com
> WIEDERHOLD, MOSES, KUMMERLEN
> & WARONICKI, P.A.
> Attorneys for Plaintiff
> 560 Village Blvd., Suite 240
> West Palm Beach, Florida 33409
> P.O. Box 3918
> West Palm Beach, FL 33402
> 561/615-6775
> 561/615-7225 - Facsimile

I HEREBY CERTIFY that on this 10th day of November, 2014 I electronically filed the foregoing with the Clerk of the Southern District Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic filings.

> By: s/Brett M. Waronicki
> Brett M. Waronicki, Esquire
> Florida Bar No. 817511
> bwaronicki@wmrfla.com
> WIEDERHOLD, MOSES, KUMMERLEN
> & WARONICKI, P.A.
> Attorneys for Plaintiff
> 560 Village Blvd., Suite 240
> West Palm Beach, Florida 33409
> P.O. Box 3918
> West Palm Beach, FL 33402
> 561/615-6775
> 561/615-7225 - Facsimile

F:\USER\SECY\BB\Klaschus, Teresa\Response in Opposition to D MSJ.wpd