# Exhibit "D"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 14-80423-CIV-MARRA

TERESA KLASCHUS,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

### DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF SERVING SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant, HOME DEPOT U.S.A., INC., by and through its undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure and Local Rules, hereby gives Notice of Serving its Supplemental Answers to Plaintiff's Second Set of Interrogatories served on July 25, 2014.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 7th day of October, 2014.

    LUKS, SANTANIELLO,
     PETRILLO & JONES
    Attorneys for Defendant
    Stonegate Bank Plaza
    301 Yamato Road, Suite 1234
    Boca Raton, FL 33431
    Telephone: (561) 893-9088
    Facsimile: (561) 893-9048

    By:   s/Anthony Merendino
        DANIEL J. SANTANIELLO, B.C.S.
        Florida Bar No.: 860948
        ANTHONY MERENDINO
        Florida Bar No.: 475483
        LUKSBOCA-Pleadings@LS-Law.com

## SERVICE LIST

**Counsel for Plaintiff:**
Brett M. Waronicki, Esq.
Wiederhold Moses Kummerlin & Waronicki
560 Village Boulevard, Suite 240
P.O. Box 3918
West Palm Beach, FL 33402

## DEFENDANT HOME DEPOT U.S.A., INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

1. In the 5 years preceding the subject accident, please state whether a customer claimed injury or reported a trip or fall in any Florida Home Depot store due to unattended forklift in an aisle.

**RESPONSE:** Upon advice of counsel, Home Depot objects to this Interrogatory No. 1 on the grounds that it is vague, overly broad as it seeks five (5) years of incidents throughout the State of Florida, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to Interrogatory No. 1 to the extent it seeks confidential and proprietary information. Notwithstanding, subject to and without waiving the foregoing objections, to the best of Home Depot's knowledge and to the extent it understands Interrogatory No. 1, there were fifteen (15) incidents (including the incident that is the subject of this lawsuit) within the State of Florida where a customer reported tripping over a forklift between the period of 4/14/2010 to 4/14/2013.

2. If the answer to the preceding question is "Yes," please state the following:

   a. How many customers claimed injury or reported a trip or fall;

**RESPONSE:** Upon advice of counsel, Home Depot objects to this Interrogatory No. 2(a) on the grounds that it is vague, overly broad as it seeks five (5) years of incidents throughout the State of Florida, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to Interrogatory No. 2(a) to the extent it seeks confidential and proprietary information. Notwithstanding, subject to and without waiving the foregoing objections, to the best of Home Depot's knowledge and to the extent it understands Interrogatory No. 2(a), there were fifteen (15) incidents (including the incident that is the subject of this lawsuit) within the State of Florida where a customer reported tripping over a forklift between the period of 4/14/2010 to 4/14/2013.

   b. The name and last known address of each customer who claimed injury or reported a trip or fall;

**RESPONSE:** Upon advice of counsel, Home Depot objects to this Interrogatory No. 2(b) on the grounds that it is vague, overly broad as it seeks five (5) years of incidents throughout the State of Florida, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to Interrogatory No. 2(b) to the extent it seeks confidential and proprietary information, and

objects to the disclosure of such information (of third parties) on privacy grounds.

    c.    The date, location, and Home Depot store number of each incident;

RESPONSE: Upon advice of counsel, Home Depot objects to this Interrogatory No. 2(c) on the grounds that it is vague, overly broad as it seeks five (5) years of incidents throughout the State of Florida, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Home Depot further objects to Interrogatory No. 2(c) to the extent it seeks confidential and proprietary information. Notwithstanding, subject to and without waiving the foregoing objections, the following represents the requested information, including a description of the fifteen (15) incidents indicated in the previous Interrogatories:

| DATE | LOCATION | HOME DEPOT STORE NUMBER | DESCRIPTION OF INCIDENT |
|---|---|---|---|
| 4/14/13 | West Palm Beach, Florida | 6320 | Customer (Teresa Klaschus) alleges to have tripped over reach truck forks in an aisle in the Outside Garden Department. |
| 10/7/12 | Tampa, Florida | 0279 | Customer was getting siding and as he was pulling it out of the bay, he stepped backwards and tripped over feet of parked reach truck onto his left elbow. |
| 9/23/12 | Lakeland, Florida | 0248 | Customer was shopping on the last aisle of garden and walked around forklift and stubbed right toe on forklift fork. |
| 7/12/12 | Jacksonville, Florida | 6351 | Customer was walking in the garden center looking up, she tripped over the |

| Date | Location | # | Description |
|---|---|---|---|
| | | | forklift forks causing her to fall hitting her right hand on to the ground and cause pain in her small and four finger. Customer received scrapes to left knee. |
| 6/7/12 | Lake Worth, Florida | 6316 | Customer while pushing a shopping cart ran into a parked forklift and scraped her left forearm. |
| 5/9/12 | Lake Worth, Florida | 0205 | Customer was helping an associate load mulch onto her flat cart then backed up and tripped over the forks on the empty forklift that just pulled up behind her. Customer fell over one fork falling in between both forks landing on her coccyx. |
| 2/19/12 | New Smyrna Beach, Florida | 6936 | Customer was walking in Outside Garden second aisle and tripped over forklift forks. Upon exiting she told the lot associate what happened but said she was okay and did not want to report the incident. |
| 9/5/11 | Miami, Florida | 6976 | Customer stipulates that she was walking in Outside Garden looking at the Behr color chart and did not notice the forks on the floor. She tripped and fell |

| | | | | |
|---|---|---|---|---|
| | | | | hitting her forehead as well as her left knee. |
| 7/16/11 | Lake Park, Florida | 0220 | | Forklift was parked on the front apron of the garden department and a customer tripped on the forks. They were not extended and in a parked position. |
| 3/26/11 | Fort Myers, Florida | 8444 | | Customer tripped over forklift. Right knee scrape and right ankle scrape. |
| 3/25/11 | Oakland Park, Florida | 0249 | | Customer was shopping for fertilizer in an aisle, when he turned around while holding the shopping cart he said he tripped over the forks on the forklift that was parked. The forks were down, and the machine was not on. |
| 11/26/10 | Miami, Florida | 0206 | | Customer walked by forklift and scratched his toe with forks. |
| 9/27/10 | Lake Park, Florida | 0220 | | This is a 3rd party vendor involved in a mugging in the lumber aisle and wanted to get out of the way of a gun and tripped over forklift causing bruising to left arm and right leg. |
| 9/2/10 | Davie, Florida | 6341 | | Customer was shopping out by garden and in the aisle closest to the building she tripped over the forks on a |

|  |  |  | forklift and she fell on her left knee and her right elbow and cut her right hand. |
| --- | --- | --- | --- |
| 6/27/10 | Bradenton, Florida | 6319 | Customer walked into forklift parked in the aisle. |

In addition, attached please find incident reports for eleven (11) of the incidents listed above:

| DATE | LOCATION | HOME DEPOT STORE NUMBER |
| --- | --- | --- |
| 4/14/13 | West Palm Beach, Florida | 6320 |
| 10/7/12 | Tampa, Florida | 0279 |
| 9/23/12 | Lakeland, Florida | 0248 |
| 7/12/12 | Jacksonville, Florida | 6351 |
| 6/7/12 | Lake Worth, Florida | 6316 |
| 5/9/12 | Lake Worth, Florida | 0205 |
| 2/19/12 | New Smyrna Beach, Florida | 6936 |
| 9/5/11 | Miami, Florida | 6976 |
| 3/26/11 (Customer's Written Statement Only) | Fort Myers, Florida | 8444 |
| 3/25/11 (Customer's Written Statement Only) | Oakland Park, Florida | 0249 |
| 9/27/10 | Lake Park, Florida | 0220 |

    d. Which incidents resulted in a lawsuit against Home Depot.

**RESPONSE:** Upon advice of counsel, Home Depot objects to this Interrogatory No. 2(d) on the grounds that it is vague, overly broad as it seeks five (5) years of incidents throughout the State of Florida, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, subject to, and without waiving said objections, to the best of Home Depot's knowledge, the instant case is the only incident of the incidents identified above that resulted in a lawsuit against Home Depot. Moreover, Plaintiff has equal access to court records.

## VERIFICATION

Teresa Klaschus v. Home Depot U.S.A., Inc.

STATE OF GEORGIA

COUNTY OF COBB

I, __Tricia N. Brooks__, the undersigned, declare:

I am employed at the Home Depot Store Support Center and am authorized to make this Verification on behalf of HOME DEPOT U.S.A., INC., a Defendant in the above-entitled action. I have read and reviewed the foregoing Home Depot U.S.A., Inc.'s Responses to Plaintiff's Second Set of Interrogatories, and am informed and believe that the contents therein are true and correct.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed on this __2nd__ day of __October__, 2014 in Atlanta, GA.

_____
Tricia Brooks

Sworn to and subscribed

Before me, this __2nd__ day of __October__, 2014.

_____
Notary Public
My Commission Expires: